J-S80009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEWIS JERRY HARE | |
| Appellant | No. 792 MDA 2016 |

Appeal from the PCRA Order April 22, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000709-1974

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED NOVEMBER 30, 2016**

Lewis Jerry Hare appeals, *pro se*, from the trial court's order dismissing his untimely third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

In 1979, Hare was convicted, after a jury trial, of first-degree murder. The court sentenced Hare to life in prison without the possibility of parole. Hare was 19 years old at the time he committed the offenses.

On appeal, Hare contends that his mandatory sentence of life without parole is unconstitutional under the Eighth Amendment to the United States Constitution and Article I, § 13 of the Pennsylvania Constitution as expressed in **Miller v. Alabama**, 132 S. Ct. 2455 (2012).  In **Miller**, the United States Supreme Court held that sentencing a juvenile convicted of a homicide offense to mandatory life imprisonment without parole violates the

Eighth Amendment's prohibition on cruel and unusual punishment. *Id.* at 2464. Accordingly, such sentences cannot be imposed unless a judge or jury first considers mitigating circumstances. *Id.* at 2475. The holding in *Miller*, however, was limited to those offenders who were under the age of 18 at the time they committed their crimes. *Id.* at 2460.

Subsequently, in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), the Supreme Court held that "*Miller* announced a substantive rule of constitutional law," *id.* at 736, and that "*Miller* is retroactive because 'it necessarily carr[ies] a significant risk that a defendant' . . . faces a punishment that the law cannot impose upon him." *Id.* at 734. Therefore, under *Montgomery*, *Miller* is to be applied retroactively to cases on state collateral review through the PCRA's retroactivity exception, 42 Pa.C.S. § 9545(b)(1)(iii). *Montgomery*, *supra* at 736.

Because Hare was 19 years old at the time he committed the underlying offenses, the holdings in both *Miller* and *Montgomery* are inapplicable and he is not entitled to relief.[1] *Van Horn*, *supra*.

To the extent that Hare claims that he should benefit from the *Miller* and *Montgomery* decisions because research indicates that "the human

---

[1] We note that on October 15, 2012, effective immediately, the Pennsylvania Legislature amended 18 Pa.C.S.A. § 1102(a)(1) (first-degree murder) and (b) (second-degree murder) to provide sentencing standards for juvenile offenders convicted of first- and second-degree murder *after June 24, 2012*, so as to comport with *Miller*.

mind does not fully develop or mature until the age of 25[,]" Appellant's Brief, at 6, he is entitled to no relief. Rather than presenting an argument that is within the scope of the *Miller* decision, Hare asks us to extend *Miller's* holding to persons convicted of murder who were over 18 at the time of their crimes. We rejected this argument in *Commonwealth v. Furgess*, 2016 PA Super 219 (Pa. Super. 2016). *See id.* (court failed to extend *Miller* holding and apply PCRA's newly-recognized constitutional right exception to 19-year-old defendant convicted of homicide; defendant claimed he was "technical juvenile" and relied on neuroscientific theories regarding immature brain development to support claim). Neither federal nor state case law deems a life sentence without parole unconstitutional for individuals who may have had a diminished mental capacity when they committed the offenses. *See also Commonwealth v. Lesko*, 15 A.3d 345, 408 n.31 (Pa. 2011) (noting U.S. Supreme Court has chosen "strictly chronological, hard lines" in cases involving age as disqualifying constitutional factor for eligibility of life without parole sentences; those over defined-age get no benefit from constitutional decisions, irrespective of subjective "psychological and emotional age and level of maturity.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2016