J-S03025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DEAN SASANKO | |
| Appellant | No. 933 WDA 2016 |

Appeal from the PCRA Order dated June 3, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000654-1984

BEFORE: OLSON, J., SOLANO, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY SOLANO, J.:                    **FILED APRIL 7, 2017**

Appellant, Dean Sasanko, appeals *pro se* from the order dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S. §§ 9541-46. We affirm.

On June 27, 1984, a jury convicted Appellant of two counts of first-degree murder for the January 9, 1984 shooting deaths of Appellant's adoptive father and grandmother. Appellant, who was born on September 14, 1965, was 18 years old at the time of the murders. On February 27, 1985, the trial court sentenced Appellant to two consecutive terms of life imprisonment. Appellant filed a post-sentence motion, which was denied on March 21, 1985. He then filed a direct appeal. We affirmed Appellant's judgment of sentence on January 17, 1986. ***Commonwealth v.***

---

[*] Retired Senior Judge assigned to the Superior Court.

*Sasanko*, 508 A.2d 343 (Pa. Super. 1986) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on October 7, 1986.

Thereafter, Appellant filed a succession of pleadings in which he unsuccessfully sought post-conviction relief.  Most recently, on March 16, 2016, Appellant filed the *pro se* PCRA petition presently before us.  The PCRA court issued notice of its intention to dismiss the petition pursuant to Pa.R.Crim.P. 907 on April 26, 2016, and dismissed the petition on June 3, 2016.  This timely appeal followed.

Although Appellant has failed to structure his brief as directed by Rules of Appellate Procedure 2111 and 2114-2119, we distill the essence of his appellate issue to be that the PCRA court erred in concluding that he was not a juvenile when he committed first-degree murder, and is therefore entitled to relief under ***Miller v. Alabama***, 132 S. Ct. 2455 (2012), and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).[1]  ***See generally***, Appellant's Brief at 1-4.

We already have held on one of Appellant's earlier PCRA petitions that because Appellant was 18 years old when he committed the murders, he is not eligible for relief under ***Miller v. Alabama*** and he fails to meet the

---

[1] ***Miller v. Alabama*** held unconstitutional sentences of mandatory life imprisonment without parole imposed upon juveniles who were under the age of 18 at the time they committed murder; ***Montgomery v. Louisiana*** held that the application of ***Miller v. Alabama*** is retroactive.  ***Id.***

exception to the PCRA's timeliness requirement for assertion of a newly-recognized constitutional right that has been held to apply retroactively (42 Pa.C.S. § 9545(b)(1)(iii)). **See, e.g., Commonwealth v. Sasanko**, 97 A.3d 794 (Pa. Super. 2014) (unpublished memorandum at 5) (holding that Appellant was ineligible for relief under **Miller** because he was not a juvenile when he committed the murders). Undeterred by this Court's 2014 decision, Appellant reiterates his argument under **Miller** and couples it with a citation to **Montgomery v. Louisiana**, along with an argument that "Pennsylvania thinks and by the Constitutional Law that you are not an adult until you reach the age of 21." Appellant's Brief at 2. Thus, Appellant seeks to be designated as a juvenile for purposes of the holdings in **Miller** and **Montgomery**. There is no merit to Appellant's argument.

As a matter of federal constitutional law, **Miller** and **Montgomery** do not apply to individuals who were 18 or older at the time they committed murder. **See Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016) (holding that **Miller** did not apply to a 19-year-old appellant convicted of homicide, even though that appellant claimed he was a "technical juvenile" and relied on neuroscientific theories regarding immature brain development to support his claim). Even if Pennsylvania deemed the age defining a juvenile to be something other than 18, the Supreme Court's decision in **Miller** still makes 18 the controlling age for application of the **Miller** decision. Accordingly, as we held in 2014, Appellant may not succeed on a claim under **Miller**.

For these reasons, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017