J-S03020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONOTHAN EDWARD PRATHER | |
| Appellant | No. 734 WDA 2016 |

Appeal from the PCRA Order dated April 19, 2016
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-CR-0000004-2012

BEFORE:  OLSON, J., SOLANO, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY SOLANO, J.:                 **FILED APRIL 13, 2017**

Appellant, Jonothan Edward Prather, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S. §§ 9541-46.  We affirm.

On February 22, 2012, Appellant pleaded guilty to one count of first-degree murder for the June 2011 shooting death of Samuel Miller.[1] Appellant, who was born on September 3, 1991, was 19 years old at the time of the murder.  On March 26, 2012, the trial court sentenced Appellant to life imprisonment without the possibility of parole.  Appellant did not file a direct appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant shot Mr. Miller sometime between the late evening of June 4 and early morning of June 5, 2011.  Complaint, 6/13/11.

On June 25, 2014, Appellant filed a *pro se* PCRA petition in which he cited **Miller v. Alabama**, 132 S. Ct. 2455 (2012), and claimed to have an "immature brain."[2] PCRA Petition, 6/25/14, at 1-3. The Commonwealth filed an answer and motion for dismissal on July 1, 2014. The trial court appointed counsel to represent Appellant on July 3, 2014, and scheduled a pre-hearing conference. The conference was postponed three times at the request of Appellant's attorney, and once at the request of the Commonwealth. It appears from the record that the pre-hearing conference occurred on February 5, 2015.[3] On February 11, 2015, the court issued a Rule 907 notice of its intention to dismiss the petition without a hearing, stating that it did not have jurisdiction because the petition was untimely and Appellant's claim under **Miller v. Alabama** was "inapplicable." The court dismissed the petition on March 3, 2015. The order specifically advised Appellant that "he has an absolute right to appeal this decision . . . within thirty (30) days from today's date, today being March 3, 2015." Appellant did not file an appeal. Approximately one year later, on March 24,

---

[2] **Miller v. Alabama** held that sentences of mandatory life imprisonment without parole imposed upon juveniles who were under the age of 18 at the time they committed murder were unconstitutional. Appellant contends that although his chronological age was 19 years, his brain at the time of his crime was still immature, so that he should be treated as though he was a juvenile.

[3] The docket entries indicate that on December 4, 2015, the conference was scheduled for February 5, 2015.

2016, Appellant filed the *pro se* PCRA petition before us, again seeking relief under **Miller v. Alabama**. The PCRA court issued notice of its intention to dismiss the petition pursuant to Rule 907 on March 28, 2016, and reiterated the inapplicability of **Miller v. Alabama**. It dismissed the petition on April 19, 2016. Appellant filed this timely appeal.

In his brief, Appellant raises three issues:

1. Since the Appellant was an adolescent at the time of the alleged murder, the automatic mandatory life sentence without the possibility of parole that he was given without a mitigating hearing, is unconstitutional and void ab initio, and is subjecting the Appellant to cruel and unusual punishment and violative of the Equal Protection Clause.

2. Not applying the decisions in **Miller v. Alabama** and **Montgomery v. Louisiana** to the Appellant violates the Appellant's equal protection rights.

3. Sentencing the Appellant to an automatic mandatory life sentence without the possibility of parole, without a mitigating hearing that takes into account the Appellant's age and other contributing factors violates the Appellant's due process rights.

Appellant's Brief at 7 (excess capitalization removed).[4]

---

[4] Appellant has filed a supplemental brief in which he argues that trial counsel was "ineffective for coercing a guilty plea based on threats of the death penalty." Appellant's Supplemental Brief at 4. This issue is waived because Appellant failed to raise it in his petition, let alone explain how it falls within the PCRA's time restrictions. **See Commonwealth v. Furgess**, 149 A.3d 90, 93 (Pa. Super. 2016) (asserted exceptions to the time restrictions for a PCRA petition must be included in the petition and may not be raised for the first time on appeal).

Appellant is due no relief, for two reasons. First, the trial court lacked jurisdiction to consider his petition because it was untimely. Generally, a PCRA petition must be filed no later than one year after the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). Appellant's proceedings ended in 2012, but he did not file his petition until 2016, and no exception to the PCRA's filing deadline applies here.

Second, Appellant's three issues encompass his single claim that he is entitled to relief under *Miller v. Alabama*, which is duplicative of the claim he raised in his PCRA petition filed on June 25, 2014. Although Appellant concedes he was 19 years old at the time of the murder, he avers that his concession that he was older than the age required to invoke *Miller* is "of no merit" under the Fourteenth Amendment because "a child's biological process is not typically complete until he or she reaches his or her mid-twenties." Appellant's Brief at 11. We agree with the PCRA court that Appellant's argument lacks merit because *Miller* does not apply to individuals who were 18 or older at the time they committed murder. *See Furgess*, 149 A.3d at 90 (holding that *Miller* did not apply to a 19-year-old appellant convicted of homicide where appellant claimed he was a "technical juvenile" and referenced immature brain development to support his claim).

Accordingly, we affirm the order denying Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017