J-S45015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LOUIS SESSA, III | : | |
| | : | |
| Appellant | : | No. 3266 EDA 2016 |

Appeal from the PCRA Order September 13, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0005943-1992

BEFORE:    GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED AUGUST 22, 2017**

Appellant, Louis Sessa, III, appeals *pro se* from the order of the Bucks County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On March 29, 1993, Appellant entered an open guilty plea to homicide (generally), conspiracy to commit murder, robbery, and related offenses.  The court immediately proceeded to a degree of guilt hearing and found Appellant guilty of second-degree murder.  Immediately thereafter, the court sentenced Appellant to life imprisonment for the murder conviction, plus a concurrent term of 5 to 10 years' imprisonment.  Appellant did not seek direct review.  From 1994 to 2014, Appellant filed numerous unsuccessful petitions for collateral relief.

Appellant filed the current *pro se* PCRA petition on March 3, 2016,

_____

*Retired Senior Judge assigned to the Superior Court.

seeking relief under *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). The court issued Pa.R.Crim.P. 907 notice on July 7, 2016; Appellant responded *pro se* on August 10, 2016. On September 15, 2016, the court dismissed Appellant's petition as untimely. Appellant timely filed a *pro se* notice of appeal on September 29, 2016. On October 6, 2016, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b); Appellant timely complied on October 17, 2016, and for the first time, claimed the trial judge labored under a conflict of interest and should have recused himself from Appellant's initial PCRA hearing.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances which excuse the late filing of a petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a petitioner must plead and prove, *inter alia*, his allegations of error were not previously litigated or waived. 42

Pa.C.S.A. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b). Likewise, the failure to raise an issue before the PCRA court deems the claim presented waived. **Commonwealth v. Bond**, 572 Pa. 588, 819 A.2d 33 (2002). **See also** Pa.R.A.P. 302(a) (stating issues not raised in lower court are waived and cannot be raised for first time on appeal).

Instantly, Appellant's judgment of sentence became final on April 28, 1993, upon expiration of the 30 days for filing a direct appeal with this Court. **See** Pa.R.A.P. 903(a). Appellant filed the current *pro se* PCRA serial petition on March 3, 2016, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception per Section 9545(b)(1)(iii), insisting **Miller/Montgomery** afford him relief. Nevertheless, Appellant admits he was 19 years old at the time of his offenses. Thus, **Miller/Montgomery** relief does not apply to Appellant.[1] Moreover, this Court has rejected the argument that **Miller/Montgomery** relief should be extended to offenders under 25 years old because the brain is not developed fully until that age. **See**

---

[1] Appellant also cites the U.S. Supreme Court decisions in **Roper v. Simmons**, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (dealing with juveniles and death penalties), filed on March 1, 2005, and **Graham v. Florida**, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (dealing with juveniles and life sentences for non-homicide offenses), filed on May 17, 2010. Neither case is apposite.

***Commonwealth v. Furgess***, 149 A.3d 90 (Pa.Super. 2016) (holding 19-year-old appellant was not entitled to relief under ***Miller/Montgomery*** on collateral review, rejecting "technical juvenile" argument).  Finally, Appellant waived any conflict of interest claim, because he did not raise it before the PCRA court.  ***See*** Pa.R.A.P. 302(a).  Thus, Appellant's current petition remains untimely.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2017