J-S61005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES J. GILYARD | |
| Appellant | No. 909 EDA 2017 |

Appeal from the PCRA Order February 22, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1135481-1982

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                 **FILED OCTOBER 02, 2017**

Charles Gilyard appeals from the order entered in the Philadelphia Court of Common Pleas dismissing his fifth Post Conviction Relief Act[1] ("PCRA") petition as untimely.  After review, we affirm.

The relevant facts and procedural history of this case are as follows.  On February 15, 1984, Gilyard was convicted of first-degree murder, robbery, and criminal conspiracy.  Following conviction, Gilyard was sentenced to life in prison without the possibility of parole.  On direct appeal, this Court affirmed Gilyard's conviction on August 30, 1985.  ***Commonwealth v. Gilyard***, 503

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

A.2d 47 (Pa.Super. 1985) (unpublished memorandum). Gilyard did not seek allowance of appeal to the Pennsylvania Supreme Court.

Gilyard filed his first petition for post-conviction relief in 1987, his second in 2003, his third in 2007, and his fourth in 2012. The present PCRA petition is his fifth, each prior petition having been dismissed. Because the present PCRA petition is untimely and Gilyard did not plead and prove a timeliness exception, it too was properly dismissed.

As a threshold issue, a PCRA petition must be filed within one year of final judgment to be timely. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3).

Here, Gilyard's judgment became final on September 29, 1985 when the period for seeking review with the Pennsylvania Supreme Court expired. **See** Pa.R.A.P. 1113(a) (petition for allowance of appeal with Pennsylvania Supreme Court must be filed within thirty days of the Superior Court's order). Gilyard had one year after that date, or until September 29, 1986, to file a timely PCRA petition, so Gilyard's current petition is untimely by approximately 30 years.

A court has no jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 837 A.2d 1157 (Pa. 2003). However, three exceptions exist which will allow a court to hear an otherwise-untimely

petition. To invoke such an exception, the petition must allege and the petitioner must prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Here, Gilyard alleges that exception (iii) applies[2] because recent United States Supreme Court decisions created and extended additional constitutional rights to minor defendants sentenced to life in prison without the possibility of parole.

Two decisions form the foundation of Gilyard's argument. In 2012, the Supreme Court held that mandatory life imprisonment without the possibility

---

[2] Appellant's brief refers to both 42 Pa.C.S. § 9545(b)(1)(ii) and (iii) in lockstep throughout, but Appellant fails to allege a "newly discovered fact" capable of supporting an exception under 42 Pa.C.S. § 9545(b)(1)(ii). **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) ("subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA"). Thus, this court will consider only the "constitutional right" exception raised under section 9545(b)(1)(iii).

of parole is unconstitutional for defendants who were under the age of eighteen at the time of the offense for which they were convicted. ***Miller v. Alabama***, 132 S.Ct. 2455 (2012). In 2016, the Court further held that the right created by ***Miller*** must apply retroactively to collateral appeals. ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016). Thus, ***Miller*** and ***Montgomery*** extended new Eighth Amendment constitutional protections to a certain class of minors convicted of serious crimes.

Relying on a broad range of authority, Gilyard argues that the holdings of ***Miller*** and ***Montgomery*** must be read to include all "juvenile offenders," as measured by a subjective assessment of developmental traits. Further, he argues that ***Miller*** established a "constitutional floor, rather than a ceiling," and that the case "did not establish any maximum age for application of the Court's Eighth Amendment proportionality analysis." Appellant's Brief at 12.

This amalgamation of law does not withstand scrutiny. ***Miller*** itself was unambiguous in extending its holding only to "those under the age of 18." 132 S.Ct. at 2460. This Court, too, has made clear on several occasions that the ***Miller*** standard is objective and age-based rather than subjective and development-based. In ***Commonwealth v. Cintora***, 39 A.3d 759 (Pa. Super. 2013), this Court declared that ***Miller*** did not extend to defendants who were nineteen and twenty-one years old at the time of the underlying offenses. ***Id.*** at 764. More recently, this Court again declined to extend ***Miller*** to a

defendant who was nineteen years old at the time of the offense. ***Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016).

Gilyard was twenty years old at the time of the offense. Both the United States Supreme Court and this Court have made clear that the age of majority governs the application of ***Miller***. Since Gilyard was twenty years old at the time of the offense, ***Miller*** did not extend him a new constitutional right sufficient to invoke 42 Pa.C.S. § 9545(b)(1)(iii). The PCRA court was correct in dismissing the petition as untimely.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>*10/2/2017*</u>