J-S51003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HAKIM ROBINSON | |
| Appellant | No. 3718 EDA 2016 |

Appeal from the PCRA Order October 25, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0208872-2001

BEFORE: BOWES, J., SHOGAN, J., AND STEVENS, P.J.E.,*

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 13, 2017**

Hakim Robinson appeals from the order denying his second PCRA petition as untimely. We affirm.

On April 30, 2002, a jury convicted Appellant of second-degree murder, robbery, burglary, and conspiracy. The convictions stemmed from the August 29, 2000 conspiracy among Appellant, Robert Jones, and Fred Porter to rob Richard Williams, Jr., a drug dealer in West Philadelphia. During the course of the robbery, Porter, a juvenile, fatally shot Williams. Appellant was twenty-one at the time. The trial court imposed life imprisonment without the possibility of parole for murder and an aggregate term of two to six years for the remaining offenses. On July 9, 2003, we affirmed the judgment of sentence. *See Commonwealth v. Robinson*,

* Former Justice specially assigned to the Superior Court.

832 A.2d 543 (Pa.Super. 2003) (unpublished memorandum). Our High Court dismissed the ensuing allowance of appeal as improvidently granted on May 10, 2004. *See Commonwealth v. Robinson*, 851 A.2d 832 (Pa. 2004).

Appellant filed a timely, counseled PCRA petition, which the PCRA court denied on March 22, 2006. We affirmed that order on August 27, 2007. He filed a second PCRA petition on June 27, 2012, invoking the United States Supreme Court's holding in *Miller v. Alabama*, 567 U.S. 460 (2012), which prohibits the imposition of a mandatory sentence of life imprisonment without the possibility of parole if the defendant was a juvenile when he committed the crime. Appellant asserted that the principle should be extended to adult co-conspirators. The PCRA court dismissed the petition as untimely. Appellant did not appeal.

On June 5, 2015, Appellant filed his third PCRA petition. The initial petition asserted a previously unknown fact regarding an alibi witnesses, Lamont Wright, who Appellant claimed was not available during trial. The PCRA court responded on March 15, 2016, by issuing notice of its intent to dismiss the petition without hearing. On the same date, Appellant amended his petition to invoke what he styled as "the new scientific fact that just became available" on January 25, 2016 in *Louisiana v. Montgomery*, 136 S.Ct. 718 (2016). *See* Amended Third PCRA Petition, 3/15/16, at 1. The PCRA court dismissed the petition as untimely. This timely appeal ensued.

Appellant asserts two issues for our review:

1. Did the PCRA court err in finding that the [third] PCRA petition was untimely filed, when the [petition asserted] new scientific brain facts [and] was filed within 60 days of the new facts . . . requiring a remand for the PCRA court to conduct an evidentiary hearing with the appointment of counsel?

2. Did the PCRA court err in finding that the [third] PCRA petition was untimely filed, when the new scientific brain evidence facts directly altered Appellants conviction and sentence and an evidentiary hearing was required to develop the novel claims in light of the change in law and new facts and evidence that timely filed under the exception to the timebar?

Appellant's brief at vi.[1]

We review a PCRA court order to determine whether the PCRA court's determination is supported by the certified record and free of legal error. Our Supreme Court has stated, "[a]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id*.

All PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year

_____

[1] Appellant abandoned his initial newly-discovered-evidence claim relating to alibi witness Lamont Wright. *See* Appellant's brief at 10. n.1.

time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014). (citation omitted). We review that legal conclusion *de novo*. *Id*. As Appellant's sentence became final during 2004, when the period to file a petition for writ of certiorari with the United States Supreme Court expired, the instant petition is timely only if one of the statutory exceptions applies.

Section 9545 provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts that could not have been ascertained by the exercise of due diligence; and (3) a newly-recognized constitutional right that has been held to apply retroactively. 42 Pa.C.S. § 9545 (b)(1)(i)-(iii). In addition, any exception must be raised within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant attempts to circumvent the PCRA time-bar by invoking our Supreme Court's holding in *Louisiana v. Montgomery*, 136 S.Ct. 718 (2016), which gave retroactive effect to its prior holding in *Miller*, *supra*, the case Appellant invoked in his second PCRA petition. He levels two interrelated exceptions. First, Appellant contends that the *Montgomery* Court disclosed "new scientific brain facts" that form an exception pursuant to § 9545(b)(1)(ii), regarding previously unknown facts.

- 4 -

Ostensibly, the new "brain fact" that Appellant invokes herein is the United States Supreme Court's recognition in *Miller* and retroactive application in *Montgomery* that the brain of a juvenile offender is sufficiently underdeveloped to warrant the prohibition of mandatory life sentences without the possibility of parole. From that general principle, Appellant extrapolates that the brain of his juvenile codefendant, Fred Porter, "was legally defective[, thus,] breaking the chain and legally nullifying all statutes in this case as they apply to appellant." Appellant's brief at 7. Appellant's second exception is more conventional. Essentially, he argues that *Montgomery* espoused a newly-recognized constitutional right that has been held to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(ii).

Both of Appellant's contentions are predicated upon the assertion that the Supreme Court's holding in *Miller*, *supra*, should be extended to him under the equal protection clause insofar as he is entitled to the same relief as his juvenile co-defendant who committed the murder. In support of this proposition, Appellant cites *Commonwealth v. Cruz*, 851 A.2d 870 (Pa. 2004), an unrelated case where our High Court concluded that, with regard to purely legal issues, the disparate treatment of identically situated codefendants was improper under the circumstances of that case. Appellant posits that, since he filed the instant petition within sixty days of *Montgomery*, he established both exceptions to the PCRA time

requirements pursuant to § 9545(b)(1)(ii), and (iii).  We address the issues collectively, and for the following reasons, we deny relief.

Stated plainly, neither *Montgomery* nor *Miller* is applicable herein because Appellant was not a juvenile when he committed his crimes.  It is well ensconced that *Miller* does not apply to non-juvenile offenders.  Moreover, this Court is not empowered to extend *Miller* to classes beyond juveniles.  *See Commonwealth v. Furgess*, 149 A.3d 90 (Pa.Super. 2016).  Hence, the retroactive application of *Miller*, as announced in *Montgomery*, has no application herein.  Further, Appellant's reliance upon *Cruz*, *supra*, is misplaced.  In contrast to Appellant's protestations, he is not similarly situated with his juvenile co-defendant.  As we have indicated throughout this memorandum, Appellant was twenty-one years old when the murder occurred and *Miller* and *Montgomery* simply do not apply to non-juvenile offenders.  Appellant is not entitled to relief.

As neither *Miller*, *supra* nor *Montgomery*, *supra* can form the basis of an exception to the PCRA time requirements under either § 9545 (b)(1) (ii) or (iii), the instant PCRA petition is untimely and without any applicable exceptions to the PCRA time-bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2017