J-S44045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANNTONESA WOODARD, :
:
Appellant : No. 2711 EDA 2017

Appeal from the PCRA Order July 17, 2017
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0905851-1998

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED OCTOBER 18, 2018**

Anntonesa Woodard ("Woodard"), *pro se*, appeals from the Order dismissing her second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On October 20, 2000, Woodard pled guilty to second-degree murder, kidnapping, arson, and possession of an instrument of crime. The trial court sentenced Woodard to an aggregate term of life in prison. This Court affirmed the judgment of sentence in part, and remanded for resentencing, based upon the fact that the sentence for kidnapping should have merged with the sentence for second-degree murder. **See Commonwealth v. Woodard**, 833 A.2d 1153 (Pa. Super. 2003) (unpublished memorandum). On December 29, 2003, our Supreme Court denied allowance of appeal. **See Commonwealth v. Woodard**, 841 A.2d 531 (Pa. 2003).

On September 28, 2004, Woodard filed her first PCRA Petition, which the PCRA court denied. Her appeal was dismissed for her failure to file a brief.

On August 20, 2012, Woodard filed the instant PCRA Petition. Eventually, on April 10, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice. Thereafter, the PCRA court dismissed the Petition. Woodard filed a timely Notice of Appeal.

Our standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014).

Initially, we observe that all PCRA petitions, including second or subsequent petitions, must be filed within one year of the defendant's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In this case, Woodard's judgment became final on March 29, 2004, after the time to seek review with the United States Supreme Court had expired. *See* SUP. CT. R. 13 (allowing ninety days to file a petition for a writ of

*certiorari*). Accordingly, Woodard had until March 29, 2005, to file a timely PCRA petition. Woodard's August 20, 2012 Petition is thus facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely PCRA petition where the defendant can explicitly plead and prove one of the three exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claim could have been presented." *Id*. § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Woodard invokes the newly-recognized constitutional right exception, based upon *Miller v. Alabama*, 567 U.S. 460 (2012). Brief for Appellant at 4. In *Miller*, the Supreme Court held that sentencing schemes that mandate life in prison without parole for defendants who committed their crimes while **under the age of eighteen** violate the Eighth Amendment's prohibition on cruel and unusual punishment. *Id*. at 465. The Court reasoned that in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. *Id*. at 479.[1] Woodard argues that *Miller* should extend to offenders over the age of 18 when the crime was committed, because research indicates that young adults are not fully mentally and emotionally mature until over the age of 21. Brief for Appellant at 5.

---

[1] In *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016), the United States Supreme Court held that its decision in *Miller* applies retroactively.

*Miller* is inapplicable to this case, as Woodard was 23 years old when she committed the crimes. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (noting that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision, and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)."); *id*. (rejecting appellant's argument to extend the *Miller* holding based upon neuroscientific theories regarding brain development of persons over the age of 18).[2]

Accordingly, Woodard failed to meet the requirements of the newly-recognized constitutional right exception. Thus, the PCRA court properly dismissed Woodard's second PCRA Petition as untimely.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/18

---

[2] We note that an *en banc* panel of this Court will determine whether *Miller* applies only to individuals under the age of 18 at the time of the offense. *See Commonwealth v. Lee*, 1891 WDA 2016 (reargument granted Mar. 9, 2018). However, as no decision has been filed, we are bound by *Furgess*.