J-S75020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMAR FELIX | : | |
| | : | |
| Appellant | : | No. 3872 EDA 2017 |

Appeal from the PCRA Order October 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1205341-1995

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED DECEMBER 19, 2018**

Appellant Lamar Felix appeals from the order dismissing his fifth petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant asserts that the PCRA court erred by dismissing his petition as untimely where he pled guilty to a lesser offense to avoid the sentencing scheme deemed to be unconstitutional in **Miller v. Alabama**.[1]  We affirm.

The PCRA court summarized the relevant factual and procedural background of this matter as follows:

> On March 30, 1995, [Appellant] was arrested after taking part in an attempted robbery that led to the shooting and death of Frederick Minford.  At the time the crime was committed, [Appellant] was 17 years old.  On November 10, 1997, [Appellant] pleaded guilty to third-degree murder, aggravated assault,

_____

[1] **Miller v. Alabama**, 567 U.S. 460 (2012).  In **Miller**, the United States Supreme Court held that a sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders is forbidden by the Eighth Amendment.  **See Miller**, 567 U.S. at 470.

burglary, criminal conspiracy and possession of an instrument of crime. He was sentenced on December 15, 1997, to [an aggregate] term of 35 to 70 years of incarceration and never sought appeal.

On March []4, 1999, [Appellant] filed a *pro se* PCRA petition which was subsequently dismissed. [Appellant] never appealed. On January 21, 2003, [Appellant] again filed a *pro se* PCRA petition. After being appointed counsel, [Appellant's] petition was dismissed for lack of merit. Again, no appeal was taken. On August 4, 2004, [Appellant] filed his third PCRA petition and counsel was again appointed. The court dismissed this petition as untimely and the Superior Court affirmed the lower court's decision on December 19, 2006. [Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.]

On [August] 12, 2013, [Appellant] again filed a *pro se* PCRA petition. On October 15, 2013, [Appellant] filed an amended petition claiming relief pursuant to the ruling in *Miller*[.] That petition was dismissed as untimely on July 28, 2015. [Appellant] filed an appeal on August 17, 2015, asserting that his sentence was illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[2] The Superior Court affirmed the PCRA court's dismissal on July 5, 2016[,] on several grounds. The Superior Court reasoned that *Alleyne* did not apply retroactively, that *Miller*, even in light of the Supreme Court's ruling in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016),[3] was inapplicable to [Appellant] because he had waived his claim and because *Miller* only applied to juvenile offenders who were given mandatory life sentences without parole, which [Appellant] was not. [Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.]

On October 3, 2016, defense counsel filed the current PCRA petition asserting an exception to the PCRA's time-bar as a result of the new constitutional right announced in *Miller*. A

---

[2] *Alleyne* held that any fact that increases a mandatory minimum sentence for a crime is an element of the crime that must be submitted to the jury to be determined beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2163.

[3] In *Montgomery*, the United States Supreme Court held that "*Miller* announced a substantive rule that is retroactive in cases on collateral review." *Montgomery*, 136 S. Ct. at 732.

[Pa.R.Crim.P.] 907 notice informing [Appellant] that his petition would be dismissed in 20 days was sent to counsel on July 5, 2017. An amended petition was filed on July 24, 2017, along with [Appellant's'] response to th[e c]ourt's [Rule] 907 notice.

After review of counsel's PCRA petition, his amended petition and counsel's response to the court's [Rule] 907 notice, th[e c]ourt dismissed Appellant's petition as untimely and without merit. On November 22, 2017, [Appellant] timely appealed the dismissal to the Superior Court.

PCRA Ct. Op., 1/24/18, at 1-3 (citations omitted). Appellant filed a timely court-ordered concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b). The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

In its Rule 1925(a) opinion, the PCRA court noted that

[i]n an attempt to satisfy an exception to the time-bar, [Appellant] asserted that the new constitutional right announced in **Miller** applied to him. However, [Appellant] failed to prove that **Miller** included juveniles, such as [Appellant], who were not given mandatory life sentences. [Appellant] was not sentenced to mandatory life without parole but instead was sentenced to a term of 35 to 70 years pursuant to a guilty plea. As a result, [Appellant] is beyond the reach of the Supreme Court's decision in **Miller**.

Trial Ct. Op., 1/24/18, at 5.

Appellant raises the following question for our review:

Does the constitutional right announced in **Miller v. Alabama** protect a defendant from a sentencing scheme that mandated a life without parole sentence, even where the defendant was a child at the time of the offense, and provide relief to a defendant who pleaded guilty to a lesser offense to avoid that unconstitutional sentencing scheme?

Appellant's Brief at 2.

Appellant asserts that

the constitutional right announced in **Miller** . . . should have protected him against an unconstitutional sentencing scheme. Although he was not sentenced to life imprisonment without parole, the specter of the unconstitutional sentencing scheme impacted him just the same when he pleaded guilty to lesser charges in order to avoid it and received a sentence that exceeds the current mandatory minimum sentence for second degree murder by five years.

*Id.* at 9 (citing 18 Pa.C.S. § 1102.1(c)). Appellant states that "he decided to plead guilty to avoid Pennsylvania's version of the sentencing scheme invalidated by **Miller**. The PCRA [c]ourt had jurisdiction because [Appellant] filed his petition within 60 days of when he first could have asserted it." *Id.* at 7. Further, Appellant argues that "[p]ublic policy and fundamental fairness require that [Appellant] be given the opportunity for the type of individualized sentencing hearing described in **Miller v. Alabama** and its progeny." *Id.*

In considering the denial of a PCRA petition, our standard of review

is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. We give no such deference, however, to the court's legal conclusions.

Initially, we examine whether Appellant timely filed his current PCRA petition. Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Secreti*, 134 A.3d 77, 79-80 (Pa. Super. 2016) (some

citations omitted).

The PCRA provides for three statutory exceptions to its timeliness

requirements, which apply in limited circumstances as set forth in 42 Pa.C.S.

§ 9545(b)(1). *Id.* at 80. The exceptions include the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner arguing a timeliness exception

must file a PCRA petition within sixty days of the date the claim could have

been presented. 42 Pa.C.S. § 9545(b)(2).

> As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims.

*Secreti*, 134 A.3d at 80 (citation omitted).

Here, Appellant's current PCRA petition was untimely on its face.

Appellant has pled that the exception in Section 9545(b)(1)(iii) regarding a

newly recognized constitutional right applies to his case on the basis of the

holdings in **Miller** and **Montgomery**. However, **Miller** and **Montgomery** provide that a mandatory life sentence without parole is unconstitutional for juveniles and that this rule applies retroactively. **See Montgomery**, 136 S. Ct. at 732; **Miller**, 567 U.S. at 470. Significantly, neither case stands for the proposition that a juvenile who has pled guilty to a term of years in a homicide case has received an unconstitutional sentence. Indeed, Appellant points to no authority providing that a juvenile's negotiated guilty plea to a term of years is an unconstitutional or otherwise illegal sentence, and we are aware of none.

Accordingly, we agree with the PCRA court that Appellant does not meet the timeliness exception in Section 9545(b)(1)(iii) regarding a newly recognized constitutional right. **See** PCRA Ct. Op., 1/24/18, at 5; **accord Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (holding that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision"). Thus, the PCRA court was without power to address Appellant's claim, and we discern no error in the PCRA court dismissing Appellant's PCRA petition as untimely. **See Secreti**, 134 A.3d at 79-80.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/18