J-S67022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN BELL | : | |
| | : | |
| Appellant | : | No. 2516 EDA 2017 |

Appeal from the PCRA Order July 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0637031-1992

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JANUARY 16, 2019**

Appellant Kevin Bell appeals *pro se* from the order dismissing his serial petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, which sought relief based on ***Miller v. Alabama***, 567 U.S. 460 (2012). Appellant asserts that because he was eighteen years old when he committed the underlying murder, the PCRA court erred by dismissing his petition as untimely.  We affirm.

The factual background to this matter need not be stated in detail.  We note that Appellant, when he was approximately four months past his eighteenth birthday, killed another individual.  Appellant was convicted of first-degree murder, and the trial court sentenced him to life imprisonment without the possibility of parole in 1994.

---

[*] Retired Senior Judge assigned to the Superior Court.

On November 14, 1995, this Court affirmed Appellant's judgment of sentence, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal on May 9, 1996. Thereafter, Appellant filed several unsuccessful PCRA petitions.

Appellant filed the instant *pro se* PCRA petition on August 13, 2012, claiming that **Miller** applied to his case.[1] Appellant submitted an amended PCRA petition on March 23, 2016, following the ruling in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant filed a response reiterating his claim that **Miller** extended to defendants over the age of eighteen and that equal protection principles demanded that he be entitled to relief. The court dismissed Appellant's instant PCRA petition without a hearing on July 17, 2017. Appellant filed a timely notice of appeal.

Appellant filed a timely court-ordered concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b). The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) in which it concluded that

> [Appellant] was over the age of eighteen at the time of the offense, placing his sentence outside the reach of the Supreme Court's **Miller** decision. Therefore, [Appellant] has failed to invoke [the newly recognized constitutional right] exception, and his petition must be dismissed as untimely.

PCRA Ct. Op., 7/17/17, at 1 (unpaginated).

---

[1] Appellant filed his petition within sixty days of the date that **Miller** was issued.

- 2 -

Appellant raises the following question for our review:

1. Whether the unconstitutional sentencing statute under ***Miller***, 18 Pa.C.S. [§] 1102(a), is also unconstitutional for vagueness rendering [A]ppellant's sentence unlawful?

2. Whether [A]ppellant's PCRA petition satisfied a statutory exception to the PCRA's jurisdictional time-bar?

3. Whether under the 14th Amendment's 'Equal Protection Clause,' because of his youth, [A]ppellant is entitled to the same relief under ***Miller*** as the class of youth labeled juveniles?

Appellant's Brief at 2 (reordered to facilitate disposition).

As to Appellant's first question, we note that Appellant suggests that 18 Pa.C.S. § 1102(a) is unconstitutionally vague. However, Appellant has abandoned that argument on appeal. ***See id.*** at 27 (abandoning Appellant's third claim); Pa.R.A.P. 2119(a). In any event, we note that Appellant did not raise this claim in his PCRA petition or response to the PCRA court's Rule 907 notice or assert that it was raised in a timely fashion. ***See*** PCRA Pet., 8/13/12; Resp. to Rule 907 Notice of Intent to Dismiss, 4/28/17; Pa.R.A.P. 302(a). Therefore, we decline to consider this issue.[2]

As to Appellant's final two questions presented, we summarize Appellant's arguments together as they are interrelated. Appellant asserts that he established a PCRA time-bar exception under 42 Pa.C.S. § 9545(b)(1)(ii), (iii), and (b)(2), because he filed the instant PCRA petition

---

[2] Even if this claim were not waived, we are without jurisdiction to consider it because Appellant has failed to meet a timeliness exception to the PCRA's time-bar as discussed in further detail below.

within sixty days of **Miller**. According to Appellant, "[t]he facts that . . . juvenile offenders [are] in their transitory phase of adolescence and [their] potential for reform [makes them] less culpable than adult offenders[,] making a sentence of life without parole unconstitutional for them[,] were unknown to [A]ppellant[.]" Appellant's Brief at 12. Appellant asserts that **Miller** adopted the proposition that "the qualities that distinguish juveniles from adults do not disappear when an individual turns 18." **Id.** at 15 (citing **Roper v. Simmons**, 543 U.S. 551, 574 (2005)). He further asserts that denying the benefits of **Miller** to people over the age of eighteen would violate equal protection principles.

> In considering an order denying a PCRA petition, our standard of review
>
> is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. We give no such deference, however, to the court's legal conclusions.

**Commonwealth v. Secreti**, 134 A.3d 77, 79-80 (Pa. Super. 2016) (citations omitted).

The PCRA provides for three statutory exceptions to its timeliness requirements, which apply in limited circumstances as set forth in 42 Pa.C.S. § 9545(b)(1). **Id.** at 80. The exceptions include the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 4 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petitioner arguing a timeliness exception must file a PCRA petition within sixty "days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, there is no dispute that Appellant's current PCRA petition was untimely on its face.  Contrary to Appellant's assertion,[3] neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that

---

[3] To the extent Appellant relies on a passing reference to **Roper**, we note that the full passage cited by Appellant states:

Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules. The qualities that distinguish juveniles from adults do not disappear when an individual turns 18. By the same token, some under 18 have already attained a level of maturity some adults will never reach. For the reasons we have discussed, however, a line must be drawn. The plurality opinion in **Thompson** [**v. Oklahoma**, 487 U.S. 815 (1988)] drew the line at 16. In the intervening years the **Thompson** plurality's conclusion that offenders under 16 may not be executed has not been challenged. The logic of **Thompson** extends to those who are under 18. The age of 18 is the point where society draws the line for many purposes between childhood and adulthood. It is, we conclude, the age at which the line for death eligibility ought to rest.

**Roper**, 543 U.S. at 574.  Similarly, the United States Supreme Court, in **Miller**, held that "mandatory life without parole for those **under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller** 567 U.S. at 465 (emphasis added).

*Miller* establishes a newly-recognized constitutional right for petitioners who were eighteen years or older at the time of the offense. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (noting "a contention that a newly-recognized constitutional right should be extended to others does not render a petition seeking such an expansion of the right timely pursuant to section 9545(b)(1)(iii)." (emphasis, brackets, and citation omitted)). Furthermore, it is well-settled that a judicial decision "does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011).

Accordingly, since Appellant was eighteen years old at the time he committed first-degree murder, we agree with the PCRA court that Appellant does not meet the timeliness exception in section 9545(b)(1)(ii) or (iii) regarding a newly discovered fact or a newly recognized constitutional right based on *Miller* and *Montgomery*. Therefore, we agree that the PCRA court was without jurisdiction to address the merits of Appellant's claims, and we discern no error in the PCRA court dismissing Appellant's PCRA petition as untimely. *See Furgess*, 149 A.3d at 94; *Secreti*, 134 A.3d at 79-80; *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013) (holding a defendant must comply with the PCRA's timeliness requirements to raise an equal protection claim).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/16/19