J-S35013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BILLY GATEWOOD | : | |
| | : | |
| Appellant | : | No. 3264 EDA 2017 |

Appeal from the PCRA Order September 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0633591-1982

BEFORE: OLSON, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.: **FILED JULY 09, 2019**

Appellant, Billy Gatewood, appeals *pro se* from the September 15, 2017 order denying as untimely, his ninth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the factual and procedural history as follows.

> In 1982, Appellant was convicted of [m]urder in the [s]econd [d]egree, [r]ape, [r]obbery, [b]urglary and [c]onspiracy[1] [in] the 1979 killing and sexual assault of a seventy-seven year[-]old victim. [The trial court sentenced Appellant to life imprisonment for murder followed by additional concurrent terms of incarceration for rape, robbery, and conspiracy.] Appellant's cousin and co-conspirator confessed to the murder and testified against Appellant at his trial. The cousin testified that after breaking into the victim's apartment, Appellant

---

[1] 18 Pa.C.S.A. § 2502(b), 18 Pa.C.S.A. § 3121, 18 Pa.C.S.A. § 3701, 18 Pa.C.S.A. § 3502, and 18 Pa.C.S.A. § 903, respectively.

---

* Retired Senior Judge assigned to the Superior Court.

raped her and, prior to the killing, both criminals forced a broom handle into the victim's vagina.

Following the exhaustion of his direct appellate rights, Appellant, for [] most of the last quarter century, has been filing and litigating a series of petitions under the PCRA. The instant PCRA petition is the ninth such petition. After review of the record and the law, this [c]ourt dismissed Appellant's PCRA petition as untimely on September 15, 2017.

PCRA Court Opinion, 1/16/2019, at 1. This appeal followed.

Although Appellant raises a plethora of claims, we shall focus on those contentions that implicate the timeliness of Appellant's petition or any time-bar exceptions that might apply. In particular, we consider whether the decisions in **Miller v. Alabama**, 567 U.S. 460 (2012) or **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017) support Appellant's claim that the PCRA court had jurisdiction over this petition.

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa. Super. 2018). Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard. **Id**. However, we first address the timeliness of [Appellant's] petition, as timeliness is a jurisdictional requisite and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264, 1267 (2007); **see also Commonwealth v. Zeigler**, 148 A.3d 849 (Pa. Super. 2016).

**Commonwealth v. Lee**, 206 A.3d 1, 6 (Pa. Super. 2019). To be considered timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment of sentence is

deemed final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Pennsylvania Supreme Court, or upon expiration of the time for seeking review. 42 Pa.C.S.A. § 9545(b)(3)." *Lee*, 206 A.3d at 6.

Here, Appellant's judgment of sentence became final on March 31, 1985. Thus, Appellant had until April 1, 1986 to file a timely PCRA petition; Appellant filed the instant PCRA petition on May 31, 2012. Appellant's petition is patently untimely. As such, we cannot address the merits of Appellant's PCRA petition unless he meets one of the following timeliness exceptions.

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or law of the United States;
>
> (ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.
>
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Appellant seems to argue that he meets the requirements of Section 9545(b)(1)(iii) because of the United States Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*,

- 3 -

136 S.Ct. 718 (2016).[2]  It is undisputed that Appellant was 18 years old at the time of his crimes.  He argues, however, that **Miller** should apply to him because he is "presumptively recognized as an eighteen (18) [year] old juvenile [pursuant] to the Mental Health [& Mental] Retardation Act of 1966." Appellant's Brief at VI.  Appellant's argument is unavailing.

This Court has recently and repeatedly rejected arguments that **Miller** extends to persons 18 years or older.  **See Lee**, 206 A.3d at 11 ("age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar and we decline to extend its categorical holding."); **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016) (argument that **Miller** should be extended to a defendant who was 19 years old at the time of his crimes because his brain was not yet fully developed did not render a PCRA petition timely pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii)).  Therefore, Appellant's first claim fails.

Appellant's *pro se* brief is difficult to understand, but also appears to invoke **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017), to assert that his petition is not time-barred.  Generally, to qualify for the newly-discovered facts exception in Section 9545(b)(1)(ii), petitioners must prove that the facts upon which their claim is based were unknown and could not have been

---

[2] **Miller** established that "mandatory life without parole for those **under the age of 18** at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  **Miller**, 567 U.S. at 466 (emphasis added).  Thereafter, the Supreme Court of the United States decided in **Montgomery** that the **Miller** decision applies retroactively to cases on collateral review.  **Montgomery**, 136 S.Ct. at 732-737.

discovered previously through the exercise of due diligence. In **Burton**, the Pennsylvania Supreme Court held that incarcerated, *pro se*, PCRA petitioners are not subject to a **presumption** that information that is of public record cannot be "unknown" for purposes of Section 9545(b)(1)(ii).

Appellant contends that his court-appointed defense attorney at trial had a conflict of interest which rendered him incapable of providing effective assistance. Specifically, Appellant alleges that his defense attorney at trial, Attorney Canuso, was also the assistant district attorney who negotiated Appellant's cousin and co-conspirator's plea agreement regarding the rape and murder involved herein. There is some support in the record for this contention.[3]

Appellant argues that Attorney Canuso's involvement in this case as an assistant district attorney constitutes a "newly discovered fact," and that **Burton** excuses his delay in discovering that information. Appellant thus maintains that jurisdiction exists under the Section 9545(b)(1)(ii) timeliness exception. Appellant's argument is meritless.

Appellant first raised issues about Attorney Canuso's conflict of interest in 2003.[4] Thus, it was certainly not "newly discovered" in 2012 when

---

[3] Appellant's Exhibit "B" purports to be the timekeeping sheets of his cousin's court-appointed attorney, which make multiple references to "ADA Canuso."

[4] He argues that he received additional new information in 2006 from "an anonymous whistle-blower" but admits that he filed a previous PCRA petition (his eighth PCRA petition, filed October 10, 2006) based on that information.

Appellant filed his petition in the instant matter.[5] Appellant appears to be under the impression that because of **Burton**, his original failure to discover this fact is excused and his claim should now be reviewed on the merits. Appellant, however, has not introduced any information that was not included in either of his two prior PCRA petitions, filed and dismissed more than a decade ago. Therefore, on its face, his claim does not meet the requirements of Section 9545(b)(1)(ii).

In his brief, Appellant asserts that **Burton**, "gave [Appellant] another chance to assert his…conflict of interest[] claim[.]" Appellant's Brief at 6. If Appellant seeks to invoke Section 9545(b)(1)(iii) by citing **Burton**, he is mistaken. This Court, in **Commonwealth v. Kretchmar**, 189 A.3d 459, 464 (Pa. Super. 2018), held that **Burton** did not establish a new constitutional right or a watershed rule of criminal procedure. Thus, **Burton** does not afford Appellant any relief. The PCRA court was correct in finding it lacked

_____

Appellant's Brief at 5. This court affirmed the dismissal of that petition as untimely on May 20, 2009. **Commonwealth v. Gatewood**, 976 A.2d 1202 (Pa. Super. 2009) (judgment order).

[5] In affirming the denial of Appellant's seventh PCRA petition, filed September 16, 2003, which alleged Attorney Canuso's conflict of interest, this Court stated, "[Appellant] has failed to establish that any of this information was not available through the exercise of due diligence by, at the latest, the time of his first collateral petition. Attorney Canuso's prior employment was a matter of public record[.]" **Commonwealth v. Gatewood**, 3662 EDA 2003 (Pa. Super. 2005) (unpublished memorandum). Moreover, this Court opined that Appellant "failed to establish that this evidence, if presented at trial, would have produced a different result." **Id.**

jurisdiction to address Appellant's claims because he has not established that a timeliness exception applies.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/19