J-S45019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAGDALENO PEREZ-MIRANDA | : | |
| | : | |
| Appellant | : | No. 1088 EDA 2020 |

Appeal from the PCRA Order Entered April 14, 2020,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0000208-2015.

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED DECEMBER 10, 2020**

Magdaleno Perez-Miranda appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history may be summarized as follows: On April 7, 2016, a jury convicted Perez-Miranda of multiple sex offenses. On June 30, 2016, the trial court sentenced him to an aggregate term of eighteen to thirty-six years of imprisonment. Perez-Miranda was also classified as a sexually violent predator. He did not file a direct appeal.

On November 17, 2017, Perez-Miranda filed a *pro se* PCRA petition and the PCRA court appointed counsel. On June 4, 2018, PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d

213 (Pa. Super. 1988) (*en banc*). On July 23, 2018, the PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss Perez-Miranda's PCRA petition as untimely. Perez-Miranda did not file a response. By order entered September 13, 2018, the PCRA court denied the petition and permitted PCRA counsel to withdraw. Perez-Miranda filed a timely appeal, which was ultimately dismissed for failure to comply with Pa.R.A.P. 3517 (providing that the "[f]ailure to file a docketing statement may result in dismissal of the appeal").

On December 19, 2019, Perez-Miranda filed a *pro se* PCRA petition in which he claimed that he did not receive notices from this Court regarding the filing deadline. On April 14, 2020, the PCRA court reinstated Perez-Miranda's appellate rights *nunc pro tunc*. This timely *pro se* appeal followed. Both Perez-Miranda and the PCRA court have complied with Pa.R.A.P. 1925.

Perez-Miranda raises the following issues on appeal:

1. Did the PCRA court err as a matter of law by accepting PCRA counsel's [**Turner**/**Finley**] letter when within it, counsel had encouraged hybrid representation by directing [Perez-Miranda] to file a response to the court's anticipated Rule 907 notice of intent to dismiss albeit counsel had not been given permission to withdraw his representation?

2. Did the PCRA court err as a matter of law when it agreed with PCRA counsel that [Perez-Miranda's] PCRA petition was untimely on the issue of being deprived of his right to direct appeal because [he was] abandoned by counsel, when the salient fact is not the barebones time-line to file a timely PCRA petition but rather the claim hinges on when did [Perez-Miranda] learn of counsel's failure to file a requested direct appeal?

Perez-Miranda's Brief at 4 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Before addressing the issues raised by Perez-Miranda, we must first determine if the PCRA court correctly concluded that his PCRA petition was untimely. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1] A PCRA petition invoking one of these

---

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

statutory exceptions must be filed within sixty days of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2] Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016).

Because Perez-Miranda did not file a direct appeal, for PCRA timeliness purposes, his judgment of sentence became final thirty days later on August 1, 2016. **See** 42 Pa.C.S.A. § 9545(b)(3); 1 Pa.C.S.A. § 1908 (providing that weekends and legal holidays are not included in time computations). Thus, Perez-Miranda had until August 1, 2017, to file a timely PCRA petition. Because he filed the petition at issue on November 17, 2017, it is untimely unless he satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Here, the PCRA court concluded that Perez-Miranda could not establish any of the timeliness exceptions, and further found that his claim of prior counsel's abandonment were waived because the claim could have been brought in a timely PCRA petition. **See** Rule 907 Notice, 7/23/18, at 1. n.1.

_____

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[2] Although this statutory section has been amended to extend the filing deadline to one year, it only "applies to claims arising on [December] 24, 2017." **See** § 9545(b)(2). Counsel's alleged failure to file a direct appeal occurred prior to that date.

Perez-Miranda claims that his PCRA petition is timely because "it was filed within 60 days after learning that trial counsel failed to file a requested direct appeal[.]" Perez-Miranda's Brief at 12. With this claim, Perez-Miranda attempts to establish the PCRA's timeliness exception found at section 9545(b)(1)(ii).

Our review of the record, however, reveals that Perez-Miranda did not raise this timeliness exception in his PCRA petition. Rather, he raised the exception regarding a newly recognized constitutional right pursuant to section 9545(b)(1)(iii). **See** PCRA Petition, 11/17/17, at 3. Thus, the claim is not preserved below and inappropriately is being raised for the first time on appeal. **Furgess**, **supra**.

In sum, because Perez-Miranda did not plead and prove a timeliness exception, the PCRA court correctly concluded that it lacked jurisdiction to consider his untimely petition.[3]

Order affirmed.

---

[3] Even were we to consider Perez-Miranda's newly-discovered evidence claim, he could not establish due diligence. It is clear that a new attorney entered his appearance on Perez-Miranda's behalf on May 23, 2017. A timely petition could have been filed at that time raising a claim regarding the failure to file a requested direct appeal.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 12/10/2020*