J-S64016-16

2016 PA Super 219

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ROBERT FURGESS | |
| Appellant | No. 448 EDA 2016 |

Appeal from the Order Dated January 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0132171-1989

BEFORE: STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

OPINION BY SOLANO, J.: **FILED SEPTEMBER 28, 2016**

Appellant, Robert Furgess, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. The PCRA court found Appellant's petition to be untimely and therefore not within its jurisdiction. Upon review, we affirm.

At the conclusion of a bench trial on October 27, 1989, Appellant was convicted of first-degree murder and possession of an instrument of crime (PIC).[1] The trial court sentenced Appellant to life imprisonment for the murder conviction, and a concurrent term of one to two years' imprisonment for the PIC conviction. Appellant filed a timely appeal, and this Court

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(a);18 Pa.C.S. § 907(b).

affirmed his judgment of sentence on October 9, 1991. ***Commonwealth v. Furgess*** (Pa. Super. Oct. 9, 1991) (unpublished memorandum). Appellant did not file a petition for allowance of an appeal by the Supreme Court of Pennsylvania.[2]

Appellant unsuccessfully sought post-conviction relief in his first PCRA petition filed on December 10, 1996.[3] Appellant filed the PCRA petition at issue in this appeal on August 8, 2012. On December 4, 2015, the PCRA court issued a Criminal Rule 907 notice of intent to dismiss this petition on the basis that it was untimely and Appellant had failed to plead an exception to the PCRA's time bar. Appellant did not file a response. By an order entered on January 6, 2016, the PCRA court denied Appellant's petition. This appeal followed.

On appeal, Appellant raises one issue for our review:

_____

[2] Appellant states "Allocatur was denied." Appellant's Brief at vii. Conversely, the Commonwealth states that Appellant "did not seek allocatur in the Supreme Court of Pennsylvania." Commonwealth's Brief at 6. Our review of the certified record discloses that the Commonwealth is correct, and Appellant did not seek allocatur.

[3] Initially, the PCRA court denied relief, Appellant appealed, and this Court issued a decision reversing and remanding so that Appellant's counsel could "review appellant's amended PCRA petition and submit an amended 'no merit' letter or, alternatively, an amended PCRA petition." ***Commonwealth v. Furgess*** (Pa. Super. July 20, 1999) (unpublished memorandum). After remand, the PCRA court denied Appellant's petition without a hearing, Appellant appealed, and this Court affirmed. ***Commonwealth v. Furgess*** (Pa. Super. May 21, 2001) (unpublished memorandum).

DID THE PCRA COURT COMMIT AN ERROR OF LAW WHERE IT FAILED TO CONCLUDE THAT PETITIONER'S MANDATORY SENTENCE OF LIFE WITHOUT PAROLE IS UNCONSTITUTIONAL UNDER THE 8TH AMENDMENT TO THE UNITED STATES CONSTITUTION AS EXPRESSED IN MILLER V. ALABAMA?

Appellant's Brief at vi.

Before considering the merits of Appellant's claims, we must first determine whether the PCRA court correctly concluded that because Appellant's second PCRA petition was not filed within the time limits required by the PCRA, the court lacked jurisdiction to consider the petition. ***See*** PCRA Court Opinion, 1/6/16, at 2-3.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute.[4] ***See*** 42 Pa.C.S. § 9545(b). A PCRA petition

_____

[4] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

*(Footnote Continued Next Page)*

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Hernandez*, 79 A.3d at 651-52; *see also* 42 Pa.C.S. § 9545(b)(2). Asserted exceptions to the time restrictions for the PCRA must be included in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007). This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Here, Appellant's judgment of sentence became final on November 8, 1991, when the thirty-day time period for filing an allocatur petition with our Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3). As Appellant filed the PCRA petition at issue here on August 8, 2012 — more than twenty years after his judgment of sentence became final — it is patently untimely

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

- 4 -

unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, 79 A.3d at 651.[5]

In this PCRA petition, Appellant acknowledged the statutory time bar and conceded that his petition is untimely if no exception applies. PCRA Petition, 8/12/12, at 2-3. However, Appellant asserted an exception to the time bar under 42 Pa.C.S. § 9545(b)(1)(iii), which provides that a petitioner may seek relief when there is "a constitutional right that was recognized by the U.S. Supreme Court or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." *Id.* In his petition, Appellant relied on the U.S. Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455, 2460 (2012), which held that a sentence of life imprisonment without the possibility of parole is unconstitutionally cruel and unusual punishment when imposed upon defendants convicted of murder who were "under the age of 18 at the time of their crimes." Similarly, in his brief to this Court, Appellant invokes Section 9545(b)(1)(iii), based on his contention that he is entitled to relief under *Miller* and the Supreme Court's recent decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which held that its decision in *Miller*

---

[5] Because his judgment of sentence became final prior to the 1995 amendments to the PCRA, which added the time restrictions, Appellant was permitted to file his *first* PCRA petition by January 16, 1996. *See generally Commonwealth v. Crawley*, 739 A.2d 108 (Pa. 1999).

applies retroactively to cases on state collateral review. Appellant's Brief at 1-9.[6]

To invoke any of the time bar exceptions in Section 9545(b)(1), Appellant was required to file his petition relying on that exception "within 60 days of the date the claim [under the exception] could have been presented." 42 Pa. C.S. § 9545(b)(2). Here, if Appellant's petition actually presented a valid claim under *Miller v. Alabama*, Appellant would have met that 60-day deadline because *Miller* was decided on June 25, 2012, and Appellant filed his PCRA petition less than 60 days later, on August 8, 2012. See generally **Commonwealth v. Secreti**, 134 A.3d 77, 82 (Pa. Super. 2016). But even though he filed within 60 days of the *Miller* decision, Appellant's petition did not satisfy the jurisdictional requirements of Section 9545 because the petition did not present a claim falling within the ambit of the Supreme Court's decision in *Miller* and therefore does not fall under the "newly recognized constitutional right" exception in Section 9545(b)(1)(iii).

The *Miller* decision applies to only those defendants who were "under the age of 18 at the time of their crimes." 132 S. Ct. at 2460. Both Appellant's PCRA petition and his appellate brief acknowledge that Appellant "was 19 years old at the time of his offenses." *See* PCRA Petition, 8/8/12,

---

[6] The PCRA Court issued its decision three weeks before the U.S. Supreme Court decided **Montgomery**.

at 4; Appellant's Brief at vii. In this regard, the PCRA court noted that Appellant's birth date is December 3, 1968, and the murder occurred on August 28, 1988, "making him nineteen years old on the date of the murder." PCRA Court Opinion, 1/6/16, at 2, n.3. The PCRA court therefore concluded that Appellant's "reliance on the *Miller* case for relief is misplaced" because Appellant, "[b]y his own admission, was nineteen years old when he committed the crime." *Id.* at 3. We agree.

Appellant argues that he nevertheless may invoke *Miller* because he was a "technical juvenile," and he relies on neuroscientific theories regarding immature brain development to support his claim that he is eligible for relief. But, rather than presenting an argument that is within the scope of the *Miller* decision, this argument by Appellant seeks an *extension* of *Miller* to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the *Miller* holding. See Appellant's Brief at 3-7.

We rejected reliance on this same argument for purposes of Section 9545(b)(1)(iii) in *Commonwealth. v. Cintora*, 69 A.3d 759 (Pa. Super. 2013). The defendants in *Cintora* were 19 and 21 years old at the times of their crimes, but they argued that *Miller* should apply to them and others "whose brains were not fully developed at the time of their crimes." *Id.* at 764. We stated that "[a] contention that a newly-recognized constitutional right *should* be extended to others does not render [a] petition [seeking

- 7 -

such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)."
***Id.*** (emphasis in original).

We also pointed out in ***Cintora*** that the right recognized in ***Miller*** had not been held to apply retroactively at the time of that decision and that its non-retroactivity would have been an alternative basis for denial of relief. 69 A.3d at 764 n.4. Because the U.S. Supreme Court in ***Montgomery*** has since held that ***Miller*** does apply retroactively, this second reason stated in the ***Cintora*** opinion is no longer good law. However, nothing in ***Montgomery*** undermines ***Cintora***'s holding that petitioners who were older than 18 at the time they committed murder are not within the ambit of the ***Miller*** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii). Accordingly, ***Cintora*** remains controlling on this issue, and Appellant's assertion of the time-bar exception at Section 9545(B)(1)(iii) must be rejected.

In sum, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2016