J-S35008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERARD VON HAYNES | |
| Appellant | No. 1156 WDA 2016 |

Appeal from the PCRA Order June 29, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014609-2004

BEFORE: LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.: **FILED JUNE 28, 2017**

Gerard Von Haynes appeals from the June 29, 2016 order denying his second petition filed under the Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2006, Von Haynes was convicted of second-degree murder. In 2007, the court sentenced him to a mandatory term of life imprisonment. On direct appeal, this Court affirmed the judgment of sentence. **Commonwealth v. Von Haynes**, 546 WDA 2007 (unpublished memorandum, filed February 2, 2009). Von Haynes did not file a petition for allowance of appeal.

---

[*] Former Justice specially assigned to the Superior Court.

Von Haynes concedes that his petition, filed on March 22, 2016, is untimely. He claims, however, that the newly-recognized constitutional right established in **Miller v. Alabama**, 132 S. Ct. 2455 (2012), is applicable here. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii).[1]

In **Miller**, the United States Supreme Court held that a sentence of mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against cruel and unusual punishment. **Id.** at 2463. At the time of the murder, Von Haynes

_____

[1] The newly-recognized constitutional right exception to the one-year time bar provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> \* \* \* \*
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United states or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) **Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented**.

42 Pa.C.S.A. § 9545(b)(1)(iii),(2). On January 25, 2016, the United States Supreme Court decided **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), holding that **Miller** does apply retroactively. **See Montgomery**, 136 S.Ct. at 734. Here, Von Haynes' petition, filed March 22, 2016, was filed within 60 days of **Montgomery**. 42 Pa.C.S.A. § 9545(b)(iii).

was 18, in fact he was just days shy of his nineteenth birthday. However, in support of his argument that **Miller** should apply, Von Haynes refers to the "social neuroscience underpinning the [Supreme] Court's holding," and the "immature brain" theory. **See** Appellant's Brief, at 11-17. No relief is due.

This Court has previously addressed this argument, holding that **Miller** does not apply to individuals who were 18 years of age or older at the time they committed murder. **See Commonwealth v. Furgess**, 149 A.3d 90, 93 (Pa. Super. 2016) (**Miller** does not apply to 19-year-old appellant convicted of homicide where appellant claimed he was "technical juvenile" and referenced immature brain development to support his claim).

The record supports the PCRA court's determination that Von Haynes' petition was not timely filed and that he failed to plead any valid exception to the timeliness requirements of the PCRA. We, therefore, affirm. **See Commonwealth v. Walls**, 993 A.2d 289, 294–295 (Pa. Super. 2010) (PCRA court's findings will not be disturbed unless there is no support for findings in the certified record).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 3 -

Date: <u>6/28/2017</u>