J. S84038/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RYHEIM C. HILL, | : | No. 1117 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, March 16, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1010321-2002

BEFORE:  BENDER, P.J.E., OTT, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:      **FILED JANUARY 24, 2019**

Ryheim C. Hill appeals **pro se** from the March 16, 2018 order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

Appellant was sentenced to an aggregate term of life imprisonment after a jury found him guilty of first-degree murder and possessing an instrument of crime[1] in connection with the May 2, 2002 shooting death of the victim over a $30 drug debt.  On August 3, 2005, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied allowance of appeal on December 30, 2005.  **See Commonwealth v. Hill**, 885 A.2d 576 (Pa.Super. 2005), **appeal denied**, 892 A.2d 822 (Pa. 2005).  Appellant filed his first

---

[1] 18 Pa.C.S.A. §§ 2501 and 907, respectively.

*pro se* PCRA petition on June 12, 2006, and counsel was subsequently appointed to represent him. On November 21, 2008, a panel of this court affirmed the PCRA court's dismissal of appellant's petition, and our supreme court denied allowance of appeal on June 17, 2009. *See Commonwealth v. Hill*, 964 A.2d 942 (Pa.Super. 2008), *appeal denied*, 973 A.2d 1005 (Pa. 2009). On August 21, 2012, appellant filed the instant *pro se* PCRA petition. Following the issuance of a Pa.R.Crim.P. 907(1) notice, the PCRA court dismissed appellant's petition without a hearing on March 16, 2018.

The record reveals that appellant's judgment of sentence became final on March 30, 2006, 90 days after the Pennsylvania Supreme Court denied allowance of appeal and the deadline for filing a petition for writ of *certiorari* in the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). Accordingly, appellant had until March 30, 2007, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1) (stating that all PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final). Here, appellant's petition was filed more than six years after his judgment of sentence became final and is patently untimely, unless appellant can plead

and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

Appellant contends that his sentence of life imprisonment is unconstitutional in light of the United States Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).[2] (Appellant's brief at 11-13.) However, as appellant concedes in his brief, he was born on January 27, 1982, and was **20 years old** at the time he committed the crimes in question. (*Id.* at 13, 21.) As such, these cases are inapplicable. *See*, *e.g.*, *Commonwealth v. Furgess*, 149 A.3d 90, 91-94 (Pa.Super. 2016) (holding that petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and, therefore, may not rely on that decision to invoke a PCRA time-bar exception).

Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition.

Order affirmed.

---

[2] In *Miller*, the Supreme Court recognized a constitutional right for juveniles, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" *Miller*, 567 U.S. at 465. In *Montgomery*, the Supreme Court recently held that its rule announced in *Miller* applies retroactively on collateral review. *Montgomery*, 136 S.Ct. at 736.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/24/19</u>