J-S12028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTWUAN JERIMIAH GOMEZ | : | |
| | : | |
| Appellant | : | No. 1220 MDA 2018 |

Appeal from the PCRA Order Entered January 30, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001379-2010

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 04, 2019**

Appellant, Antwuan Jeremiah Gomez, appeals from the January 30, 2018 Order entered in the Lancaster County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On April 1, 2011, Appellant entered an open guilty plea to charges of Aggravated Assault, Robbery, Rape by Forcible Compulsion, Burglary, and Theft.  The trial court sentenced Appellant to an aggregate term of 16 to 40 years' incarceration. Appellant filed a direct appeal to this Court challenging the discretionary aspects of his sentence.

On April 12, 2012, this Court affirmed Appellant's Judgment of Sentence.  **See Commonwealth v. Gomez**, 48 A.3d 482 (Pa. Super. 2012)

(unpublished memorandum). Appellant did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.[1] **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903.

Over four years later, on July 18, 2016, Appellant *pro se* filed the instant Petition seeking reinstatement of his right to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. In the Petition he claimed that, on May 29, 2016, he learned for this first time that his appellate counsel had not filed an *allocatur* Petition, and that, for purposes of overcoming the PCRA's jurisdictional time-bar, this constituted "newly discovered evidence." Petition, 7/18/16, at ¶ 10 (citing 42 Pa.C.S. § 9545(b)(1)(ii)).

The PCRA court appointed counsel who filed an Amended Petition on October 17, 2016, reiterating Appellant's request for reinstatement of his right to file a Petition for Allowance of Appeal. Amended Petition, 10/17/16, at 2-4 (unpaginated).

On April 20, 2017, the PCRA court held an evidentiary hearing at which Appellant and his appellate counsel, James Karl, Esquire, testified.[2] Relevantly, Attorney Karl testified that on February 9, 2012, he sent Appellant a letter enclosing the appellate Brief he had filed with the Superior Court supporting his direct appeal. He also testified that on April 25, 2012, he sent Appellant a letter advising him that the Superior Court had affirmed his

---

[1] May 12, 2013, the 30th day after entry of the Order affirming Appellant's Judgment of Sentence, fell on a Saturday.

[2] Appellant's aunt, Susan Gomez, also testified at the hearing.

Judgment of Sentence and that Attorney Karl's representation of Appellant had concluded. N.T., 4/20/17, at 7, 8, 11. Attorney Karl testified that the post office did not return these letters to him. *Id.* at 7. He testified that he received a letter from Appellant dated January 6, 2015, in which Appellant noted that he had not heard from Attorney Karl since 2011, and inquired as to the status of his case. *Id.* at 9-10. Attorney Karl testified that, in response, on January 22, 2015, he wrote to Appellant to inform him that he had sent Appellant letters on February 9, 2012, and April 25, 2012, and enclosed copies of those letters and a copy of the Superior Court's Opinion affirming Appellant's Judgment of Sentence. *Id.* at 11.

Attorney Karl further testified that he did not recall receiving any communication from Appellant requesting him to file a Petition for Allowance of Appeal. *Id.* at 10-13. He testified that had Appellant made such a request, he would have informed Appellant that he would not file a Petition for Allowance of Appeal because the Superior Court had ruled on his appeal and that, pursuant to 42 Pa.C.S. § 9781(f), "no further appeal of discretionary aspects of sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals[.]" *Id.* at 8, 13-14. Attorney Karl testified as to his conclusion, therefore, that filing a Petition for Allowance of Appeal would have been *per se* frivolous. *Id.* at 14.

Appellant testified that, although he received Attorney Karl's February 9, 2012 letter when Attorney Karl sent it, he did not receive Attorney Karl's April 25, 2012 letter notifying him that the Superior Court had ruled on his

direct appeal and that the process of his direct appeal had concluded until January 22, 2015, when Attorney Karl included a copy of it with his letter of that date. *Id.* at 23, 25, 30-31. He further testified that he did not ask Attorney Karl to file anything on his behalf with the Pennsylvania Supreme Court and that Attorney Karl never indicated that he had done so. *Id.* at 25-26, 29. Appellant conceded that, even though he received Attorney Karl's correspondence in January 2015, he did not ask Attorney Karl to file an appeal from the Superior Court's decision and did not write to the Pennsylvania Supreme Court until May 2016. *Id.* at 22, 27-28. He explained that he waited until January 2015 to inquire about his case for the first time because he "was under the impression that appeals take months, if not years, to get answers from." *Id.* at 20, 23. He explained that he waited until May 2016, to contact the Pennsylvania Supreme Court regarding his *allocatur* petition because he "wasn't sure of [his] next step until [he] was informed by family members what [he] had to do" and that, based on Attorney Karl's letters, he believed that all [of his] appeals were exhausted to all courts, Supreme and Superior." *Id.* at 28-29.

On January 30, 2018, the PCRA court dismissed Appellant's Amended Petition for lack of jurisdiction. PCRA counsel did not file a timely appeal to this Court. Following the reinstatement of his appellate rights *nunc pro tunc*, this appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Did the [PCRA] court err in finding [that Appellant] failed to meet the statutory exception of after-discovered evidence under 42 Pa.C.S. § 9545(b)(1)(i)-(iii)?

2. Did the [PCRA] court err in finding that [Appellant] cannot establish prejudice from the fact that appellate counsel in the underlying case failed to file a timely [P]etition for [A]llowance of [A]ppeal to the Supreme Court of Pennsylvania?

Appellant's Brief at 4.

Although Appellant purports to raise two issues for this Court's consideration, Appellant has presented only one argument in his Brief. Appellant claims the trial court erred in finding that he failed to prove the applicability of the "unknown facts" exception to PCRA's time bar and in dismissing his Amended Petition. *Id.* at 7-9. He argues that the PCRA court erred in not finding credible his testimony that he did not receive the April 25, 2012 letter from Attorney Karl informing him that the Superior Court had affirmed his Judgment of Sentence. *Id.* at 8. He contends that, once he learned that Attorney Karl had not filed a Petition for Allowance of Appeal on his behalf, he promptly "took all steps necessary to prefect the appeal upon receiving the correspondence from the Pennsylvania Supreme Court." *Id.* at 8-9.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014).

Before we may consider the merits of Appellant's claims, we must determine whether there is jurisdiction to consider the PCRA petition. "The

timeliness of a post-conviction petition is jurisdictional." ***Commonwealth v. Furgess***, 149 A.3d 90, 92 (Pa. Super. 2016) (citation omitted).  Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment became final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the PCRA, and the petitioner filed the petition within 60 days of the date the exception could first have been presented.[3]

Appellant's July 14, 2016 Petition, filed over four years after this Court affirmed his Judgment of Sentence, is facially untimely.  Appellant has attempted to plead and prove the applicability of the time-bar exception set forth in Section 9545(b)(1)(ii), which "requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence.'" ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270 (Pa. 2007). "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." ***Id.*** at 1272.

"Due diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence.  This rule is

---

[3] ***See*** 42 Pa.C.S § 9545(b)(2).  Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

strictly enforced." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Notwithstanding his acknowledgement that he received copies of counsel's appellate filings in February 2012, Appellant claims his PCRA Petition falls within the exception because he filed it within 60 days of receiving the letter from the Pennsylvania Supreme Court notifying him that his counsel did not file a Petition for Allowance of Appeal on his behalf. Appellant's attempt to explain why he waited almost four years to inquire about the status of his case does not explain why he could not have learned the allegedly new fact, *i.e.*, the status of his appeal, with the exercise of due diligence. Appellant's delay indicates that he did not take reasonable steps to protect his own interests.

Accordingly, Appellant has not proved the applicability of the any of the PCRA's timeliness exceptions. We are, thus, without jurisdiction to consider the merits of this appeal and affirm the Order dismissing his Amended Petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/04/2019