J-S45028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :           PENNSYLVANIA
                                       :
          v.                        :
                                       :
                                     :
EDWARD D. BRADY              :
                                     :
          Appellant          :     No. 291 EDA 2020

Appeal from the PCRA Order Entered December 23, 2019,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0004148-2012.

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED DECEMBER 15, 2020**

Edward D. Brady appeals from the order denying his fourth petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history may be summarized as follows: On September 17, 2013, Brady entered a negotiated guilty plea to two counts of involuntary deviate sexual intercourse and one count of statutory sexual assault. That same day, and in accordance with the plea agreement, the trial court sentenced Brady to an aggregate term of 3½ - 7 years of imprisonment and a consecutive ten-year probationary term. Brady was also classified as a sexually violent predator. He did not file a direct appeal.

On August 1, 2014, Brady filed a counseled PCRA petition. In that petition, he raised three claims, including a claim that his plea counsel's ineffectiveness caused him to enter an invalid plea. The PCRA court held a hearing on January 23, 2015. The PCRA court denied his petition, and Brady filed an appeal to this Court. In an unpublished memorandum filed on August 31, 2015, this Court rejected Brady's claim involving plea counsel's ineffectiveness, and affirmed the denial of post-conviction relief. *Commonwealth v. Brady*, 131 A.3d 108 (Pa. Super. 2015). On December 28, 2015, our Supreme Court denied Brady's petition for allowance of appeal. *Commonwealth v. Brady*, 130 A.3d 1286 (Pa. 2015).[1]

On February 6, 2017, Brady filed a *pro se* PCRA petition in which he asserted that he newly discovered statements made by the victim that would impact her credibility. The PCRA court found that Brady had established a timeliness exception, but ultimately denied relief. Brady did not appeal.

On February 7, 2018, Brady filed another *pro se* PCRA petition. In this petition he claimed that the trial court failed to properly instruct him on his post-sentencing rights regarding the filing of post-sentence motions, and the consequences if he failed to do so. PCRA petition, 2/7/18, at 3. The PCRA court issue a Pa.R.Crim.P. 907 notice of its intent to dismiss Brady's third petition without a hearing. Brady did not file a response. On May 25, 2018,

---

[1] In 2016, Brady unsuccessfully sought relief in the federal courts via a writ of *habeas corpus*. *See Brady v. Sommers*, 2016 WL 4150460 (W.D.Pa. 2016).

the PCRA court issued an order, which advised Brady of his appellate rights but did not, in fact, provide a final ruling on Brady's petition. Brady filed a timely appeal to this Court. Recognizing that the PCRA court had not entered a final order, we were "constrained to quash [the] appeal, without prejudice to [Brady's] right to file a new appeal once the PCRA court enters a final order ruling on his petition." *Commonwealth v. Brady*, 216 A.3d 359 (Pa. Super. 2019), unpublished memorandum at 2-3.

By order of court entered April 16, 2019, the PCRA court denied Brady's third PCRA petition. Brady did not file a direct appeal.

On May 1, 2019, Brady filed the PCRA petition at issue, his fourth. In this petition he raised the claim that his written guilty plea colloquy form had a "fatal flaw" because it did not correctly inform him of the consequences for failing to file a motion to withdraw his guilty plea. PCRA Petition, 5/1/19, at 4. On August 22, 2019, the PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss Brady's PCRA petition. Brady filed a timely response. By order entered December 23, 2019, the PCRA court denied Brady's petition. This appeal followed. Both Brady and the PCRA court have complied with Pa.R.A.P. 1925.

Brady raises the following issues on appeal:

1. Did the PCRA court [err] by failing to address the timeliness of [Brady's] 4th PCRA petition under 42 Pa.C.S. § 9545(b)(1)(ii) "newly discovered facts" exception?

2. Was the PCRA court in error by claiming in [its] August 22, 2019 [Rule 907 Notice] from [Brady's] 4th PCRA

petition, that [he] had "previously litigated" the "consequences" in his untimely 3rd PCRA petition[?]

3. Whether the PCRA court erred by claiming that [Brady's] guilty plea colloquy form issue [had] no-merit, with regard to whether [Brady] would waive a challenge to his guilty plea by failing to file a post-sentence motion raising that claim?

4. Was [plea] counsel ineffective for allowing [Brady] to enter a defective plea colloquy form, where the post-sentence rights are a contradiction of well-established Pennsylvania law, prejudicing [Brady]?

Brady's Brief at 4 (excess capitalization and emphasis omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Before addressing the issues raised by Brady, we must first determine if his fourth PCRA petition was timely. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] A PCRA

_____

[2] The exceptions to the timeliness requirement are:

petition invoking one of these statutory exceptions must be filed within sixty days of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3] Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Because Brady did not file a direct appeal, for PCRA timeliness purposes, his judgment of sentence became final thirty days later, on October 17, 2013. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thus, Brady had until October 17, 2014, to file a timely PCRA petition. Because he filed the petition at issue on May 1, 2019, it is untimely, unless he satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

_____

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] Although this statutory section has been amended to extend the filing deadline to one year, it only "applies to claims arising on [December] 24, 2017 or thereafter." ***See*** § 9545(b)(2). The "fatal flaw" of which Brady complains occurred in 2013.

Brady claims that his PCRA petition is timely because the "'newly-discovered fact' was exposed to him by [the PCRA court], on April 30, 2018, when [the PCRA court, in its Rule 907 Notice,] introduced [Brady's] Guilty Plea Colloquy Form to defend [its] denial of the 3rd PCRA petition, and in doing so, omitted the defective portion of the Guilty Plea Form." Brady's Brief at 11. According to Brady, the "fatal flaw" was the implication from the following sentence that it was not necessary to file a motion to withdraw his guilty plea with the trial court in order to challenge the validity of the plea on appeal: "I also understand that a failure to file these optional motions shall not be a waiver of any rights or issues I may raise on appeal."

With this claim, Brady attempted to establish the PCRA's timeliness exception found at section 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were

> facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Here, the PCRA court concluded that Brady could not establish due diligence in bringing his claim, and further found that his claim regarding a "fatal flaw" in his written plea colloquy form was previously litigated in Brady's third PCRA petition. PCRA Court Opinion, 3/23/20 at 15-16. Our review of the record supports both of these conclusions.

As noted above, Brady raised his claim regarding the failure to be correctly informed of the consequences of failing to file a motion to withdraw his guilty plea in his third PCRA petition filed in 2018. Although phrased more specifically in his fourth petition, Brady's claim does not constitute a "newly discovered" fact that could be used to render his latest petition for post-conviction relief timely.

Moreover, although Brady may not have been instructed correctly in his written guilty plea regarding the consequences of failing to file a petition to withdraw his plea, during the oral guilty plea colloquy, plea counsel informed the court that he explained the post-sentencing rights to Brady and that Brady fully understood them. N.T., 9/17/13, at 20.[4]

---

[4] This transcript is incorrectly dated "September 31, 2013."

Finally, despite his present claim, Brady has litigated the validity of his guilty plea in his first PCRA petition. In affirming the denial of post-conviction relief, we determined that, based on the totality of the circumstances, "Brady knowingly and voluntarily entered his guilty plea." **Brady**, 131 A.3d 108 (Pa. Super. 2015), unpublished memorandum at 8.

In sum, because Brady did not plead and prove a timeliness exception, the PCRA court correctly concluded that it lacked jurisdiction to consider his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2020