**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL RAY KRESSLER | : | |
| | : | |
| Appellant | : | No. 590 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 31, 2022
In the Court of Common Pleas of Columbia County
Criminal Division at No(s):  CP-19-CR-0000170-2020

BEFORE:  PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED: JUNE 1, 2023**

Carl Ray Kressler appeals the judgment of sentence imposed by the Columbia County Court of Common Pleas after Kressler pled guilty to two counts of third-degree murder for shooting and killing his mother and father. Specifically, Kressler argues the trial court erred by using the first of these two convictions as a basis for imposing a mandatory life sentence for the second third-degree murder conviction pursuant to 42 Pa. C.S.A. § 9715, which provides that "any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter … shall be sentenced to life imprisonment." He argues, in essence, that Section 9715 is not applicable to his second third-degree murder conviction because the murder underlying that conviction, for his father, occurred as part of the same criminal episode as the murder

underlying the first third-degree murder conviction, for his mother. He also argues the mandatory life sentence was unconstitutional as he was 18 years old at the time of the murders. As we conclude neither of these claims have merit, we affirm.

Sharon Kressler and Flint Kressler were found dead in their home on January 23, 2020. Their son, Kressler, admitted to shooting each of them. Kressler was charged with two counts of murder and eventually entered into a plea agreement with the Commonwealth. In the agreement, Kressler agreed to plead guilty to third-degree murder for both the killing of his mother (count 1) as well as for the killing of his father (count 2). The agreement specifically noted that the Commonwealth was seeking a term of life imprisonment on the second third-degree murder conviction pursuant to Section 9715. However, the agreement also provided that "[s]hould the sentencing provisions of [Section 9715] become invalid through judicial or legislative action, it is understood [Kressler] would have grounds to seek relief regarding his sentence." Plea Agreement, 3/31/2022, at 2 (unpaginated).

Following a written and oral colloquy, the trial court accepted Kressler's guilty plea to two counts of third-degree murder. The court, which had the benefit of a presentence investigation report that had already been prepared, immediately proceeded to sentencing. At the outset, Kressler noted his objection to the application of Section 9715 to the sentence for his second third-degree murder conviction, both on the basis that it was not applicable

to his situation because the two murder convictions stemmed from a single criminal episode and because sentencing him to a mandatory term of life imprisonment for a crime he committed when he was 18 was, according to Kressler, unconstitutional. **See** N.T., 3/31/2022, at 20, 22. The court noted that **Commonwealth v. Coleman**, 249 A.3d 1143 (Pa. Super. filed February 9, 2021) (unpublished memorandum), *appeal granted in part by* 260 A.3d 923 (Pa. August 1, 2021), was pending before our Supreme Court at that time and involved Section 9715 and the single criminal episode issue raised by Kressler. **See** N.T., 3/31/2022, at 13.

The sentencing hearing proceeded and Kressler presented the testimony of Louise Luck from Court Consultation Services, who offered mitigation evidence on behalf of Kressler. **See id**. at 24-31. Ultimately, the court sentenced Kressler to 20 to 40 years' imprisonment for the third-degree murder conviction for count 1, and to a consecutive sentence of life without parole for the third-degree murder conviction for count 2 pursuant to Section 9715.

Kressler filed a timely notice of appeal, and both he and the trial court complied with Pa. R.A.P. 1925. Kressler raises these two issues for our consideration:

A. Whether the [t]rial [c]ourt erred in applying the mandatory sentencing provision of 42 Pa. C.S. § 9715(a) to this case where the offenses and the deaths occurred during the same factual incident.

B. Whether the trial court abused its discretion in giving [Kressler] life without the possibility of parole where [he] was age 18 at the time of the commission of the crime and thus a youthful offender and whether life without the possibility of parole is unconstitutional.

Appellant's Brief at 6.

Kressler first asserts the trial court erred by applying the mandatory sentencing enhancement of Section 9715 to him. Section 9715, referenced in part above, more fully provides:

**(a) Mandatory life imprisonment**.–-Notwithstanding [certain provisions of the Sentencing Code not applicable here], any person convicted of murder of the third degree in this Commonwealth who has previously been convicted *at any time* of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment…

**(b) Proof at sentencing.**--Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section *shall be determined at sentencing*.

42 Pa.C.S.A. § 9715 (italicized emphasis added).

Kressler's claim requires us to engage in statutory interpretation, and it therefore presents a question of law. **See Commonwealth v. Coleman**, 285 A.3d 599, 605 (Pa. 2022). Accordingly, our standard of review is *de novo* and our scope of review is plenary. **See id.** (citation omitted).

Kressler specifically argues Section 9715 is not applicable to him because both of his third-degree murder convictions stemmed from a single

criminal episode and under Section 9715, Kressler maintains, "the conviction and sentencing on the primary conviction must antedate the commission of the second offense." Appellant's Brief at 16. He complains that applying the sentencing enhancement provision to situations such as his, where the "crimes occurred in the same incident and are ple[d] and sentenced … at the same time" fails to "give a person an opportunity for rehabilitation." *See id.* at 22.

Kressler's claim fails under our Supreme Court's recent decision in *Coleman*, referenced by the trial court during sentencing and filed by our Supreme Court after the parties submitted their appellate briefs to this Court. There, the High Court held that the sentencing enhancement prescribed by Section 9715 applied to defendants, such as Kressler, who kill multiple people contemporaneously and are thereafter convicted of third-degree murder for each of those killings. *See Coleman,* 285 A.3d at 601. In so holding, the Court specifically rejected Coleman's claim, effectively identical to that raised by Kressler here, that Section 9715 should not apply where a single course of conduct caused multiple simultaneous deaths on the basis that such an argument was refuted by the plain text of the statute. *See id.* at 609. To that end, the Court explained that Section 9715 plainly states that

> any person convicted of third-degree murder who has previously been convicted of murder "at any time" is to receive an enhanced sentence. Indeed, through use of the term "at any time," the General Assembly made clear that there is no limitation relative to a person's previous conviction that would preclude application of the sentencing enhancement insofar as it concerns Section 9715(a). Thus, pursuant to Section 9715(a), so long as a person convicted of third-degree murder has previously been convicted

of murder at any point in time, the sentencing enhancement applies to that person.

…

While [Coleman] argues that Section 9715 should not apply where a single course of conduct caused multiple instantaneous, simultaneous deaths, we emphasize that the General Assembly spoke only in terms of convictions and, more specifically, whether the defendant "convicted" of third-degree murder "has previously been convicted at any time of murder." [Coleman's] attempts to shift the focus of the analysis to his particular conduct or circumstances are not supported by the text of Section 9715.

*Id.*

The Court also noted that the plain text of Section 9715(b) states that the applicability of the mandatory sentencing enhancement of life imprisonment "shall be determined at sentencing." *Id.* at 611. In these circumstances, *i.e.* "when a mandatory sentencing statute is unambiguously predicated on a prior conviction at sentencing," such as Section 9715, the Court reiterated that "it is legally irrelevant whether this previous conviction arose from the same or different criminal conduct." *Id.* at 611.

The **Coleman** Court also addressed Coleman's claim, again effectively identical to that raised by Kressler here, that Section 9715 should be interpreted to be inapplicable to defendants whose multiple third-degree murder convictions arise from single-episode murders under the "recidivist philosophy." After defining this philosophy as one "represent[ing] the view that the point of sentence enhancement is to punish more severely offenders who have persevered in criminal activity despite the theoretically beneficial

effects of penal discipline," *id.* at 612 n.10 (citation omitted), the Supreme Court stated in no uncertain terms that the "recidivist philosophy" cannot be used to override clearly contrary statutory language. *See id.* at 613. And, because Section 9715 is unambiguous, it "leaves no room for application of … the 'recidivist philosophy' to the benefit of [defendants like Coleman who have multiple third-degree murder convictions stemming from a single criminal episode]." *Id.*

Applying the holding and reasoning of *Coleman* to our case here, it is abundantly clear that Kressler's contention that Section 9715 is not applicable to his situation because his third-degree murder convictions stemmed from a single criminal episode is without merit. No relief is due on this claim.

In his second issue, Kressler argues that mandatory life sentences without parole should be deemed unconstitutional for anyone under the age of 25. Although Kressler does not cite *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding that mandatory life without parole sentences are unconstitutional for those under the age of 18 at the time of their offenses), Kressler does acknowledge he was 18 at the time of the murders but effectively argues *Miller* should be extended to those defendants, like him, who were under 25 at the time of their crime because "young adolescent brain development does not fully [mature] until the age of 25." Appellant's Brief at 26. This claim also fails.

This Court has repeatedly held that ***Miller*** does not apply to defendants who were 18 or older when they committed murder. ***See, e.g., Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) (citation omitted) (stating ***Miller*** applies only to those defendants who were "under the age of 18 at the time of their crimes''). We have also specifically declined to extend ***Miller*** to those 18 or older on the basis that their brains were not fully developed at the time of the offense. ***See Commonwealth v. Rodriquez***, 174 A.3d 1130, 1147 (Pa. Super. 2017) (rejecting the argument that the trial court erred by imposing a life sentence without parole on the basis that ***Miller*** should be extended to those 18 or older whose brains are not fully developed); ***Furgess,*** 149 A.3d at 94 (rejecting the argument that ***Miller*** should be extended to persons convicted of murder who were older at the time of their crimes than the under-18 class of defendants subject to ***Miller***'s holding but who are "technical juveniles'' because their brains were not fully developed at the relevant time). Given this case law, Kressler has failed to demonstrate that his second and final claim provides him with any relief.

In the end, Kressler's claims that the court improperly or unconstitutionally sentenced him to life in prison without parole pursuant to Section 9715 are without merit, and no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/01/2023</u>