J-S43006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FLYNT MATHIS III | : | |
| | : | |
| Appellant | : | No. 1087 EDA 2025 |

Appeal from the PCRA Order Entered May 15, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004954-1996

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED FEBRUARY 6, 2026**

Flynt Mathis, III appeals from the order denying his serial petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history may be summarized as follows. Nearly thirty years ago, on March 17, 1997, Mathis entered a negotiated guilty plea to two counts of first-degree murder and the court imposed the agreed upon sentence of two consecutive terms of life imprisonment. Mathis did not file a direct appeal.

On January 9, 1998, Mathis filed a *pro se* PCRA petition and the PCRA court appointed counsel, who filed an amended petition. At the conclusion of an evidentiary hearing, the PCRA court denied relief. Although Mathis filed a timely appeal to this Court, he later discontinued it.

Mathis filed a second *pro se* PCRA petition on August 7, 2003. After proper notice, the PCRA court dismissed this petition as untimely filed. Mathis appealed. On June 18, 2004, we affirmed the denial of post-conviction relief. *Commonwealth v. Mathis*, 858 A.2d 1277 (Pa. Super. 2004) (non-precedential decision).

Mathis filed a third *pro se* PCRA petition in 2012. In this petition, Mathis requested post-conviction relief based upon the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). The PCRA court determined that Mathis was ineligible for relief because he was twenty-three years old when he committed the murder. After proper notice, the PCRA court denied Mathis' third petition on January 13, 2013.

On October 5, 2020, PCRA counsel entered her appearance on Mathis' behalf. Four years later, on October 7, 2024, she filed a fourth petition, claiming that Mathis could establish the newly-discovered-fact exception to the PCRA's time bar. More specifically, PCRA counsel asserted that a neuropsychological evaluation conducted by Dr. Robert Rider, and his report dated October 18, 2023, established that, at the time of the murders Mathis suffered from a temporary psychosis, and therefore, did not possess the requisite intent to kill required for first-degree murder. According to Dr. Rider, the temporary psychosis was induced by the combined impact of sickle cell disease, pre-existing mental health issues, and heavy marijuana use. In this petition, Mathis further asserted that he filed the fourth petition within one year from the date Dr. Rider authored his report.

On February 20, 2025, the Commonwealth filed an answer and motion to dismiss Mathis' fourth PCRA petition. On March 3, 2025, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss the petition as untimely filed. Mathis filed a *pro se* notice of appeal from this notice. By order entered May 15, 2025, the PCRA court dismissed Mathis' petition, thereby perfecting Mathis' appeal. **See** Pa.R.A.P. 905(a)(5). The PCRA court did not require Appellate Rule 1925 compliance.

Mathis raises the following three issues on appeal:

(1) Did the PCRA Court err and abuse its discretion when it raised the bar to establish a newly discovered fact to meet [the PCRA's newly-discovered-fact exception], pursuant to 42 [Pa.C.S.A.] section 9545(b)(1)(ii), by creating different and unreasonable standards for due diligence?

(2) Did the PCRA Court err and abuse its discretion when it gave its opinion about the newly discovered fact of an expert without first having an evidentiary hearing to allow the expert to explain how he reached his [findings] to a reasonable degree of neuropsychological certainty?

(3) Has [Mathis] met the standard for a new trial/withdrawal of his guilty plea pursuant to the [after discovered evidence] standard?

Mathis' Brief at 5.

We must first determine if the PCRA court correctly concluded that Mathis' 2024 petition was untimely. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth

at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1]  A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016).

Here, Mathis' judgment of sentence became final on April 16, 1997, thirty days after he was sentenced and the time for filing an appeal to this Court expired.  *See* 42 Pa.C.S.A. § 9545(b)(3).   Therefore, Mathis had until April 16, 1998, to file a timely petition.  Because Mathis filed the petition at issue almost thirty years later, it is patently untimely, unless he has satisfied

---

[1] The exceptions to the timeliness requirement are:

   (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

   (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

   (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Mathis has failed to plead and prove the applicability of any of the PCRA's time-bar exceptions. As noted above, within his PCRA petition Mathis asserted that newly-discovered evidence from a neuropsychological expert renders his fourth petition timely. With this claim, Mathis attempted to establish the PCRA's timeliness exception found at section 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

As noted above, to establish due diligence, a PCRA petitioner must explain why he could not have learned of the "new fact" earlier. ***Id.*** It is now well-settled that, due diligence "does not require perfect diligence and punctilious care, but merely a showing the party has put forth reasonable effort" to obtain the information upon which a claim is based." ***Commonwealth v. Cox***, 146 A.3d 221, 230 (Pa. 2016) (citation omitted).

Here, in his fourth petition, Mathis averred the following regarding his due diligence:

> [Mathis] exercised due diligence in discovering this evidence. In July of 2022, [Mathis] reviewed a copy of an evaluation conducted by Dr. Thomas Swirsky-Sacchetti of another inmate who also suffers from sickle cell. [Mathis] forwarded Dr. Swirsky-Sacchetti's name to [PCRA counsel]. [Counsel] promptly contacted his office and learned that Dr. Rider had taken over the practice and all forensic work. Once [Mathis] was able to secure the funds to retain Dr. Rider in March 2023, measures were taken to coordinate permission for Dr. Rider to enter the prison to conduct the evaluation ultimately culminating in the production of Dr. Rider's report. Accordingly, [Mathis] properly invokes section 9545(b)(1)(ii) of the PCRA.

PCRA Petition, 10/7/24, at 5.

The PCRA court rejected Mathis' claim of due diligence:

> In this case, [Mathis] has failed to establish due diligence. [Mathis] would have been aware of his mental state on the day of the murders had he experienced a temporary psychosis and would have been able to convey this to counsel prior to trial, or at least he could have conveyed something to trial counsel about his mental state that could have prompted trial counsel to explore this possible defense to first-degree murder in preparation for [Mathis'] trial.
>
> In fact, the record shows that trial counsel had awareness that [Mathis'] mental state might be at issue in a trial. On January

- 6 -

3, 1997, counsel filed a notice of insanity defense. [Mathis] ultimately entered into a negotiated guilty plea in this death penalty case. In addition, in [Mathis'] first PCRA petition and at his PCRA hearing he raised trial counsel's ineffectiveness in failing to pursue an insanity defense. At the hearing, [Mathis] testified that he had no recollection of the events concerning the murders, in support of his ineffectiveness claim. This claim, among others, was found to be meritless.

[Mathis'] current claim of newly discovered facts is really in effect an alleged claim of trial counsel's ineffectiveness in failing to obtain this specific evaluation to support a mitigating defense at trial. Even if this specific evaluation could be considered a new fact, [Mathis] failed to establish due diligence in obtaining alternate mental health evaluations. Since he knew at the time of trial that his mental state was at issue, [Mathis] should have explained in his current PCRA petition what he has done over the last 25 years to obtain further evaluations. Based on [Mathis'] failure to establish due diligence, he fails to qualify for this exception and his serial PCRA petition is manifestly untimely.

PCRA Court Opinion, 6/4/25, at 6-7 (footnote and citations to record omitted).

Our review of the record supports the PCRA court's conclusions.

Mathis' claims to the contrary are unavailing. We reject his assertion that the PCRA court held him to a higher degree of due diligence. Mathis' claim that he "could not have discovered, prior to 2023, the interplay between sickle cell disease, chronic pain, marijuana use, ADHD, and psychosis" is refuted by our review of the record. Mathis' Brief at 10. Indeed, in his 2003 PCRA petition, Mathis specifically asserted that his trial counsel was ineffective for failing to move for a pre-trial determination of his competency at the time he committed the murders. Mathis explained:

Due to the combination of [his] sickle cell anemia disease and his chronic use of marijuana (used to alleviate the pain episodes resultant of the sickle cell disease), [he] suffered a psychosis resulting in a loss of his mental faculties and cognitive

functioning rendering him incompetent and unable to form the requisite element of "intent" to kill as required for first degree murder.

PCRA petition, 8/7/03, at 4.

Given this knowledge, Mathis offers no explanation why he could not further pursue the claim in the more than two decades prior to obtaining Dr. Rider's report. Thus, we agree with PCRA court that Dr. Rider's report constituted no more than a new source of previously known facts.[2] **Brown**, **supra**. Thus, Mathis' fourth PCRA petition was patently untimely, and we lack jurisdiction to consider his substantive claims. **Derrickson**, **supra**. We therefore affirm the order denying Mathis post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/6/2026

---

[2] Given that Mathis failed to establish due diligence, the PCRA court did not proceed to consider the merits of Mathis' substantive after-discovered evidence claim. For the same reason, we cannot consider the merits of his claim.